Padilla v. Holder

BIA
Balasquide, IJ
A077 621 717

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand thirteen.

PRESENT:
    RICHARD C. WESLEY,
    DENNY CHIN,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

WILMER RENE ELIAS PADILLA,
        *Petitioner,*

        v.                                      12-2066
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        David G. Katona, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Blair T.
                       O'Connor, Assistant Director; Eric
                       W. Marsteller, Senior Litigation
                       Counsel, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Wilmer Rene Elias Padilla, a native and citizen of Honduras, seeks review of an April 20, 2012, decision of the BIA affirming the January 25, 2010, decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wilmer Rene Elias Padilla*, No. A077 621 717 (B.I.A. Apr. 20, 2012), *aff'g* No. A077 621 717 (Immig. Ct. N.Y. City Jan. 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Padilla does not challenge the

denial of CAT relief, we address only asylum and withholding of removal.

The agency reasonably found that Padilla failed to establish that he was or would be persecuted on account of his political opinion, whether actually held or imputed. To establish eligibility for asylum and withholding of removal, an applicant must demonstrate that the persecution he suffered or fears was or would be on account of his race, religion, nationality, political opinion, or membership in a particular social group. *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A). For a persecution claim based on political opinion to succeed, the applicant must demonstrate that the persecutor's motive to persecute arises from a political belief he perceives the applicant to hold, whether correctly or incorrectly attributed. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005). Here, the only evidence Padilla submitted regarding the motive of his attackers, his credible testimony, indicated that six men attacked him solely because of his familial relationship to his mother, a union activist who the attackers stated "was to be blamed." Although Padilla testified that he occasionally attended union meetings with his mother, he never suggested that he

3

was an active member, and he presented no other evidence indicating that the attackers attributed his mother's union activities to him. Hence, the agency reasonably found that he failed to establish past persecution on account of an imputed political opinion. *See id.*

Padilla argues, however, that the agency erred by failing to consider his argument that he was targeted based on his membership in a particular social group, his mother's family. To establish persecution based on membership in a particular social group, an alien must establish that the group itself is cognizable, meaning that its members share a "common characteristic" that they "cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-73 (2d Cir. 2007) (per curiam) (internal quotation marks omitted). Kinship ties or membership in a family or clan "may form a cognizable shared characteristic for a particular social group." *Vumi v. Gonzales*, 502 F.3d 150, 155 (2d Cir. 2007); *see also Matter of H-*, 21 I. & N. Dec. 337, 342 (BIA 1996). Here, both the BIA and the IJ found that Padilla was attacked due to his mother's political opinion, in essence, because he is his

4

mother's son.  However, they did not discuss whether Padilla's filial relationship to his mother constituted a protected ground.  Given this lack of explanation, remand is appropriate for further consideration of whether Padilla established a nexus between the attack and a particular social group based on his kinship ties to his mother.  *See Vumi*, 502 F.3d at 155; *Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006) (requiring a certain minimal level of analysis from agency decisions denying asylum to enable meaningful judicial review).

Moreover, as neither the IJ nor the BIA addressed the viability of Padilla's past persecution claim on account of his kinship ties, remand is also appropriate as it is unclear whether the agency erred in placing the burden on Padilla as to future persecution in Honduras.  *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564-65 (2d Cir. 2006) (noting that "establishing past persecution creates [] a rebuttable presumption of [] a well-founded fear [of future persecution]"); *see also* 8 C.F.R. § 1208.16(b)(1)(i).  And neither the IJ nor the BIA determined that the Government would have successfully rebutted the presumption of a well-founded fear of persecution.  *See Kyaw Zwar Tun*, 445 F.3d at 564-65.  Although the BIA noted that the ability of

5

Padilla's mother to remain in Honduras unharmed undermined Padilla's CAT claim, that finding does not equate to "changed circumstances" sufficient for rebuttal. *Compare Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (well-founded fear *diminished* where family members continued to live in her native country), *with Islami v. Gonzales*, 412 F.3d 391, 397 (2d Cir. 2005) (requiring government to show that "country conditions have changed *radically*" to establish a fundamental change in circumstances sufficient to rebut the presumption of a well-founded fear of persecution (emphasis added)), *overruled in part on other grounds by Shi Liang Lin v. U.S. D.O.J.*, 494 F.3d 296, 305 (2d Cir. 2007), *and Kone v. Holder*, 596 F.3d 141, 149 (2d Cir. 2010) (holding that alien's return trip did not rebut the presumption because "the government cannot satisfy its burden . . . simply by showing that [applicant] enjoyed periods with no new persecution or that [applicant] will not perpetually be persecuted in her native country"). Because this presumption applies equally to withholding of removal, remand is warranted for the agency to apply the appropriate framework for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1).

For the foregoing reasons, the petition for review is

6

GRANTED, and the case is REMANDED for reconsideration of Padilla's eligibility for asylum and withholding of removal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk